# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL RILEY,** : | |
| **Plaintiff** : | |
| : | No. 1:21-CV-1647 |
| v. : | |
| : | **Judge Kane** |
| **GEORGE MILLER, et al.,** : | |
| : | **Electronically Filed Document** |
| : | *Complaint Filed 09/24/21* |
| : | |
| **Defendants** : | |

## DOC DEFENDANTS' BRIEF IN SUPPORT TO MOTION TO DISMISS

Plaintiff's second amended complaint is a sprawling, nearly-300 paragraph Complaint against over thirty defendants, including the following DOC Defendants: Defendants Gibson, Rishel, Miller, Cirelli, Grillo, Hendrick, Manley, Schweinsburg, Moser, Schuman, Odell, Bauer, Martin, Gardner, Hartman, Smith, Keller, Williams, Oliver, Ransom, Aponte, Bohinski, Miller, Martin, Mitkowski, Spear, Williams, Amaral, Sankey, Valentine, Gibson, and Horvath ("DOC Defendants"[1]). Plaintiff's claims are against defendants at multiple institutions,

---

[1] In this latest formulation of Plaintiff's claims, he has added both former Department of Corrections secretary John Wetzel and the Pennsylvania Department of Corrections itself as defendants; it does not appear that he has made any effort to serve these new defendants, nor does the docket acknowledge them as legitimate defendants.

over several months, and share no common thread. Thus, the DOC Defendants move to dismiss the Complaint against them.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff Daniel Riley, *pro se*, is incarcerated at SCI-Rockview by the Pennsylvania Department of Corrections. This action was initiated with a Complaint filed on September 24, 2021. (ECF Doc. 1). After some litigation and various motions to dismiss, this action now proceeds on a Second Amended Complaint, filed on May 16, 2022. (ECF Doc. 58).

Plaintiff's Second Amended Complaint covers time he spent incarcerated at both SCI-Waymart and SCI-Dallas. (ECF Doc. 58, ¶ 40). A great variety of allegations are relayed in detail, some of which are as follows[2]:

- Plaintiff was injured while at yard at SCI-Waymart; he blames this injury on the state of the facility and also claims that his medical concerns were not dealt with appropriately. (ECF Doc. 58, ¶¶ 41-56).

- He was the victim of an unnecessary, violent cell extraction. (ECF Doc. 58, ¶ 69).

---

[2] Plaintiff also makes lengthy factual averments and claims against medical defendants, who are not represented by undersigned counsel. For purposes of this brief, it merely bears noting that the fact that these claims remain comingled with claims against DOC Defendants is further evidence that the Second Amended Complaint violates Rules 8 and 20.

2

- He was not provided a shower seat.  (ECF Doc. 58, ¶¶ 85-87).

- The Program Review committee, which includes some DOC Defendants, denied him essentially all his privileges; he claims that said this was because he was faking injuries and filing grievances. (ECF Doc. 58, ¶¶ 94-99).

- Defendant Hendrick threatened to torture him in, according to Plaintiff, specific detail.  (ECF Doc. 58, ¶¶ 102-105).

- Defendant Keller threatened to write false misconducts implicating Plaintiff.  (ECF Doc. 58, ¶¶ 113-115).

- Various DOC Defendants were aware that the facilities which resulted in Plaintiff's initial injuries were dangerous.  (ECF Doc. 58, ¶¶ 116-119).

- Upon arrival at SCI-Dallas, various DOC Defendants threatened Plaintiff in an attempt to make him withdraw grievances.[3]  (ECF Doc. 58, ¶¶ 128-133).

- Plaintiff was denied access to the law library.  (ECF Doc. 58, ¶¶ 135-139, 144.

---

[3] Why employees of a different facility would have any interest in grievances from a previous facility remains a mystery, though Plaintiff seems to be alleging a conspiracy that involves Department of Corrections employees from across the Commonwealth.

- Plaintiff was denied access to yard. (ECF Doc. 58, ¶¶ 140-143).

- It was too cold in Plaintiff's cell. (ECF Doc. 58, ¶¶ 146-147).

- Plaintiff wrote grievances about all of these issues to a variety of DOC Defendants. (ECF Doc. 58, ¶ 149).

- Plaintiff was not provided with clean clothes. (ECF Doc. 58, ¶¶ 153-155).

- Plaintiff was not permitted to use the shower facilities because he was in a wheelchair. (ECF Doc. 58, ¶ 156).

- DOC Defendants interfered with Plaintiff's scheduled physical therapy. (ECF Doc. 58, ¶¶ 164-165).

Plaintiff brings eleven counts before the Court in this action, combining claims against medical defendants and DOC Defendants, as well as combining § 1983, Americans with Disabilities Act, Rehabilitation Act, and state law claims. The DOC Defendants have filed a Motion to Dismiss, which this Brief supports.

## QUESTION PRESENTED

1. Should the Plaintiff's Complaint be dismissed against the DOC Defendants for failure to comply with Federal Rule of Civil Procedure 20?

   *Suggested Answer: Yes.*

## **ARGUMENT**

I.    THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 20.

Federal Rule 20 of the Civil Rules,[4] which covers the permissive joinder of parties, requires both "(1) a right to relief by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions, and (2) some common question of law or fact be present with respect to all parties in the action (*i.e.,* a common thread)." *Bronson v. Horn,* 2006 WL 1620149, * 1 (W.D. Pa. June 12, 2006) (citing *Intercon Research Associates, Ltd. v. Dresser Industries, Inc.,* 696 F.2d 53, 57 (7th Cir. 1982)). "While the requirements of Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Washington v. Folino,* 2013 WL 998013, * 3 (W.D. Pa. February 28, 2013), *report and recommendation adopted,* 2013 WL 980608 (W.D. Pa. March 13, 2013).

*Saltalamacchia v. Wentzel,* 2017 WL 2843302, * 3 (M.D. Pa. June 9, 2017), *report and recommendation adopted,* 2017 WL 2834507 (M.D. Pa. June 30, 2017),

---

[4] Although Rule 21 of the Rules does not permit dismissal for misjoinder of parties, it does provide for the adding or dropping of parties, as well as the severance of claims. In conjunction with Rule 20, it should mandate dismissal of this action as currently pled.

is instructive for the instant case. In *Saltalamacchia,* the Magistrate Judge noted that the claims were unrelated, in that some claims were about medical treatment, while other claims were about theft of legal materials. Furthermore, the claims were "alleged to have taken place in different housing units of SCI-Rockview." *Saltalamacchia, supra,* at * 3.

The situation here is even more egregious than presented in *Saltalamacchia*. The Plaintiff here makes claims relating to a dangerous condition at SCI-Waymart in the RHU yard, improper medical care after he was injured, retaliation that occurred at SCI-Waymart, and then subsequent improper medical care by completely different defendants at SCI-Dallas, as well as retaliation and other improper treatment by these completely separate defendants. The claims take place over several months. *See generally* Second Amended Complaint. Although Plaintiff, now on his third attempt to write a complaint that would survive a motion to dismiss, claims that this is all some sort of nefarious retaliatory conspiracy, conclusory allegations[5] are not enough to combine unrelated claims. *See Folino, supra,* at * 3 (noting non-compliance with Rule 20, "notwithstanding Plaintiff's conclusory allegations of an ongoing retaliatory conspiracy against him[.]").

---

[5] As previously referenced, this also seems to defy simple logic, as there is no readily apparent reason why employees of SCI-Dallas would attempt to extort Plaintiff into withdrawing grievances from a different facility to which they have no connection.

6

Tellingly, the Plaintiff does not even bring a claim of conspiracy in an attempt to link these Defendants and claims together. As a result, the current Complaint should be dismissed, and if the Plaintiff wishes to pursue these various unrelated claims, he should do so in separate actions.

## **CONCLUSION**

The moving Defendants respectfully request that this Honorable Court dismiss the Plaintiff's complaint, as it does not satisfy the requirements of Rule 20 of the Federal Rules of Civil Procedure. If he is permitted leave to file an amended complaint, he should be required to comply with the appropriate Rules, and file unrelated claims as separate actions, rather than combine them all into one overarching complaint.

                                        **Respectfully submitted,**

                                        **MICHELLE A. HENRY**
                                        **Attorney General**

                             By:   *s/ Jonathan M. Blake*
                                       **JONATHAN M. BLAKE**

**Office of Attorney General**      **Senior Deputy Attorney General**
**15th Floor, Strawberry Square**   **Attorney PA ID 307030**
**Harrisburg, PA 17120**
**Phone: (717) 705-5774**          **NICOLE R. DITOMO**
                                            **Chief Deputy Attorney General**
[jblake@attorneygeneral.gov](mailto:jblake@attorneygeneral.gov)       **Civil Litigation Section**

**Date: October 31, 2024**         **Counsel for Defendants Gibson, Rishel, George Miller, Cirelli, Grillo, Hendrick, Manley, Schweinsburg, Moser, Schuman, Odell, Bauer, Martin, Gardner, Hartman, Smith, Keller, Williams, Oliver, Ransom, Aponte, Bohinski, Stacy Miller, Lea Martin, Mitkowski, Spear, Jason Williams, Amaral, Sankey, Valentine, Gibson and Horvath**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL RILEY,** | : | |
| Plaintiff | : | No. 1:21-CV-1647 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| **GEORGE MILLER, et al.,** | : | **Electronically Filed Document** |
| | : | *Complaint Filed 09/24/21* |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024, I caused to be served a true and correct copy of the foregoing document to the following:

**VIA U.S. MAIL**

**Smart Communications/PADOC**

**Daniel Riley, LS-2481**
**SCI Greene**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

**VIA ECF**

**Samuel H. Foreman, Esquire**
**Weber Gallagher Simpson Stapleton**
    **Fires & Newby, LLP**
**Four PPG Place, 5th Floor**
**Pittsburgh, PA  15222**
**sforeman@wglaw.com**

**Elizabeth Van Wert**
**Weber Gallagher Simpson Stapleton Fires**
**& Newby LLP**
**201 Penn Avenue**
**Suite 400**
**Scranton, PA 18503**
**esvanwert@wglaw.com**

**Keanna Adinae Seabrooks, Esquire**
**Weber Gallagher Simpson Stapleton**
    **Fires & Newby, LLP**
**Four PPG Place, 5th Floor**
**Pittsburgh, PA  15222**
**kseabrooks@wglaw.com**

*Counsel for Defendants Lisiak, DeWarren and Prince*

                                *s/ Jonathan M. Blake*
                                **JONATHAN M. BLAKE**
                                Senior Deputy Attorney General